IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA, PITTSBURGH DIV

Bankruptcy Case Number _____

Debtor#1: **Robert E. Petrarco**   Last Four (4) Digits of SSN: **xxx-xx-4842**
Debtor#2: _____   Last Four (4) Digits of SSN: _____
*Check if applicable*   ☐ **Amended Plan**   ☐ **Plan expected to be completed within the next 12 months**

# CHAPTER 13 PLAN DATED _____ January 27, 2011 _____
## COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

**PLAN FUNDING**
Total amount of $ **570.00** per month for a plan term of **60** months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ **570.00** | $ | $ |
| D#2 | $ | $ | $ |

(Income attachments must be used by Debtors having attachable income)   (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $ **NONE**
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN:** no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS:**
  i. The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  ii. The original plan term has been extended by ___ months for a total of ___ months from the original plan filing date;
  iii. The payment shall be changed effective ___.
  iv. The Debtor(s) have filed a motion requesting that the court appropriately change the amount of all wage orders.
The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $___ from the sale of this property (describe)___. All sales shall be completed by ___. Lump sum payments shall be received by the Trustee as follows:___.
Other payments from any source (describe specifically)___ shall be received by the Trustee as follows:___.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

*Level One:*     Unpaid filing fees.
*Level Two:*     Secured claims and lease payments entitled to Section 1326 pre-confirmation adequate protection payments.
*Level Three:*   Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees.
*Level Four:*    Priority Domestic Support Obligations.
*Level Five:*    Post-petition utility claims.
*Level Six:*     Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
*Level Seven:*   All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
*Level Eight:*   Allowed general unsecured claims.
*Level Nine:*    Untimely filed unsecured claims for which the debtor has not lodged an objection.

**1. UNPAID FILING FEES** ____

Filing fees: the balance of $ **0.00** shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

*Local Bankruptcy Form No. 10
(Revised March 18, 2008)*

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com   Best Case Bankruptcy

## 2. SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326(a)(1)(C)

*Creditors subject to these terms are identified below within parts 3, 4, 5, 8 or 13.*

Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326(a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

## 3. LONG TERM CONTINUING DEBTS DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (Without interest, unless expressly stated) |
|---|---|---|---|
| -NONE- | | | |

*Long term debt claims secured by PERSONAL property entitled to §1326(a)(1)(C) preconfirmation adequate protection payments:*

| | | | |
|---|---|---|---|
| -NONE- | | | |

## 4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID

*Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326(a)(1)(C):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| -NONE- | | | | |

*Other Claims:*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| -NONE- | | | | |

## 5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED

*Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326(a)(1)(C):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| -NONE- | | | | |

*Other Claims:*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **Capital One Auto Finance** | **2009 Ford Fusion Vehicle** | **16,652.00** | **4.25%** | **308.55** |

## 6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER

| Name the Creditor and identify the collateral with specificity. |
|---|
| -NONE- |

## 7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:

| Name the Creditor and identify the collateral with specificity. |
|---|
| **Commonwealth Financial Systems, Inc.**<br>**Personal Checking Account**<br>**PNC Bank**<br>**Arona Branch**<br>**Account Frozen due to Writ of Execution** |

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

8. **LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee.**

*Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326(a)(1)(C):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| **-NONE-** | | | |

*Other Claims:*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
| **-NONE-** | | | |

9. **SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest* | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

  \* *The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

10. **PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**

If the Debtor(s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

| Name of Creditor | Description | Total Amount of Claim | Monthly payment or Prorata |
|---|---|---|---|
| **-NONE-** | | | |

11. **PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
| **-NONE-** | | | | |

12. **ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
    a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
    b. Attorney fees: payable to   **JASON J. MAZZEI, ESQUIRE 83775**  . In addition to a retainer of $  **1,050.00**   already paid by or on behalf of the Debtor, the amount of $  **2,050.00**   at the rate of $  **227.78**   per month.

13. **OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

*Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326(a)(1)(C):*

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
| **-NONE-** | | | |

*Other Claims:*

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
| **-NONE-** | | | |

3

## 14. POST-PETITION UTILITY MONTHLY PAYMENTS *(applicable only upon agreement between Debtor(s) and utility)*

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. They may require additional funds from the Debtor(s) after discharge.

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
| -NONE- | | |

## 15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
| -NONE- | | | | | |

## 16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS

The Debtor(s) estimate that a total of $ **12,480.20** will be available for distribution to unsecured, non-priority creditors, and Debtor(s) admit that a minimum of $ **0.00** must be paid to unsecured non-priority creditors in order to comply with the liquidation alternative test for confirmation. The estimated percentage of payment to general unsecured creditors is **33** %. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within 30 days of filing the claim. Creditors not specifically identified in Parts 1-15, above, are included in this class.

### GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than 60 (sixty) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s) or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court a certification:

(1) that the debtor(s) is entitled to a discharge under the terms of Section 1328 of the Bankruptcy Code;
(2) specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the debtor(s) to pay a domestic support obligation that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid;
(3) that the debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in Section 1328(f)(1) or (2);
(4) that the debtor(s) has completed an instructional course concerning personal financial management within the meaning of Section 1328(g)(1); and
(5) that Section 1328(h) does not render the debtor(s) ineligible for a discharge.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in

accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor(s) and Debtor(s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released.

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record (or the Debtor(s) in the event they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID. The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN COMFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS.**

| | |
|---|---|
| Attorney Signature | **/s/ JASON J. MAZZEI, ESQUIRE** |
| Attorney Name and Pa. ID # | **JASON J. MAZZEI, ESQUIRE 83775** |
| Attorney Address and Phone | **PROFESSIONAL OFFICE BUILDING**<br>**432 BOULEVARD OF THE ALLIES**<br>**PITTSBURGH, PA 15219**<br>**412-765-3606** |
| Debtor Signature | **/s/ Robert E. Petrarco** |